IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANNE M. MURPHY,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. CIV S-07-1262 DAD

ORDER

---

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded with the direction to award disability benefits.

**PROCEDURAL BACKGROUND**

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act on January 24, 2000, alleging onset of disability on August 16, 1993. (Transcript (Tr.) at 84-86.) The application was denied initially in April 2000 and upon reconsideration in July 2000. (Tr. at 57-71.) A hearing was held before an administrative law judge (ALJ) in Medford, Oregon on March 19, 2002. (Tr. at 72-73, 827-82.) Plaintiff was represented by

counsel and testified at the hearing, as did her husband and a vocational expert. (Tr. at 530-56.) The ALJ held a second administrative hearing on July 12, 2002, for the purpose of taking testimony from a medical expert and a second vocational expert. (Tr. at 883-938.) In a partially favorable decision dated August 9, 2002, the ALJ determined that plaintiff had been disabled since January 24, 2000, the date on which she filed her application. (Tr. at 23-34.) As a result of the decision with regard to the disability onset date, plaintiff was not entitled to any disability benefits because she was not under a disability prior to December 31, 1994, her date last insured for such benefits. (Tr. at 34.) Plaintiff was also found to be under a disability as of January 24, 2000 for purposes of Medicare benefits. (Id.)

On August 27, 2004, the Appeals Council denied plaintiff's request for review. (Tr. at 6-10, 15-16.) Plaintiff then sought judicial review pursuant to 42 U.S.C. § 405(g) by filing a complaint in this court on November 1, 2004. Murphy v. Comm'r of Social Security, case No. CIV S-04-2389 CMK (E.D. Cal.). On March 15, 2006, United States Magistrate Judge Craig M. Kellison issued an order granting plaintiff's motion for summary judgment, denying defendant's cross-motion for summary judgment, and remanding the case to the Commissioner for further proceedings consistent with the court's order. (Tr. at 959-76.)

On June 16, 2006, the Appeals Council remanded the case to the ALJ for further proceedings consistent with the district court's order. (Tr. at 979.) At the hearing conducted on November 8, 2006, plaintiff was represented by counsel and testified, as did her husband, and a third vocational expert. (Tr. at 989-1016.) In a decision dated February 21, 2007, the ALJ determined again that plaintiff was not disabled prior to December 31, 1994. (Tr. at 942-52.) The ALJ entered the following findings in this regard:

    1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 1994.

    2.    The claimant has not engaged in substantial gainful activity since August 16, 1993, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. Prior to the claimant's date last insured, the claimant had the following severe combination of impairments: history of injury, degenerative disc disease, headaches, torn meniscus status-post surgery, a history of right shoulder impingement syndrome status-post surgery, a history of vertigo, and depression. (20 CFR 404.1520(c)).

4. Prior to the claimant's date last insured, the claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, it is found that for the period from August 16, 1993, the alleged onset date, to December 31, 1994, the date last insured, the claimant had the residual functional capacity to lift and carry no more than 10 pounds, was able to sit for 30 minutes at a time, and was able to stand and/or walk for 30 minutes at a time, with the opportunity to change position. In addition, the claimant was restricted from crouching or crawling, and was limited to only occasional stair climbing, balancing, stooping, bending or kneeling. She had difficulty reaching overhead and difficulty walking on rough ground. Lastly, the claimant had difficulty consistently following detailed instructions.

6. The claimant is unable to perform any past relevant work (20 CFR § 404.1565).

7. The claimant was born on December 31, 1947, and was 47 years old on December 31, 1994, her date last insured, which is defined as a younger individual age 45-49 (20 CFR § 404.1563).

8. The claimant has a high school education and police academy training, and is able to communicate in English (20 CFR § 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

| | | |
|---|---|---|
| | 10. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566). |
| | 11. | The claimant was not under a "disability," as defined in the Social Security Act, prior to her date last insured of December 31, 1994 (20 CFR 404.1520(g)). |
| | 12. | For purposes of entitlement for Medicare benefits, the claimant has been under a "disability," as defined in the Social Security Act, since January 24, 2000 (20 CFR 404.1520(g)). |

(Tr. at 945-51.)

Plaintiff did not file written exceptions to the ALJ's decision after remand, and the Appeals Council did not review the case on its own motion. (Tr. at 939-40.) On the 61st day after February 21, 2007, the ALJ's decision became the Commissioner's final decision after remand. (Tr. at 940.) Plaintiff sought judicial review by filing this action on June 26, 2007.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum

of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under the Social Security regulations.  Title 20 of the Code of Federal Regulations, Section 404.1520, sets forth the test used to assess disability.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

/////

# APPLICATION

Plaintiff advances three arguments in support of her motion for summary judgment: (1) the ALJ failed to follow the specific directions of the court's remand order; (2) the ALJ rejected the opinions of the treating physician concerning the severity of plaintiff's impairments but did not state reasons that were either clear and convincing, or specific and legitimate; and (3) the ALJ based his decision on the opinion rendered by the vocational expert in response to the ALJ's incomplete hypothetical question rather than the opinion rendered in response to counsel's complete hypothetical question. Each argument is addressed below.

## I. Failure to Follow Specific Directions in the Remand Order

The United States Supreme Court has described the detailed provisions for judicial review contained in 42 U.S.C. § 405(g) as unusual in that they "suggest a degree of direct interaction between a federal court and an administrative agency alien to traditional review of agency action under the Administrative Procedures Act." Sullivan v. Hudson, 490 U.S. 877, 885 (1989). Where a court finds that the Commissioner has committed a legal or factual error in evaluating a particular claim, the district court's remand order may, and often does, include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. Id. (citing Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987)). "Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." Id. at 886.

In his remand order filed March 15, 2006, Magistrate Judge Kellison found that the central issue in this case is whether there is substantial evidence in the record to support the ALJ's finding that plaintiff was not under a disability prior to December 31, 1994. (Tr. at 966.) In his order, Magistrate Judge Kellison addressed all four of plaintiff's arguments and ruled in plaintiff's favor on three of them.[1]

---

[1] Judge Kellison was not persuaded by plaintiff's argument concerning the ALJ's evaluation of her pain. (Tr. at 972, 975.)

In her first two arguments, plaintiff had asserted that the ALJ improperly gave greater weight to the opinion of a non-examining consultative physician than to the opinion of plaintiff's treating physician and that the ALJ erred in relying on the opinion of a non-examining physician because such an opinion cannot be a sufficient basis, without more, for rejecting the opinion of a treating or examining physician. Based on a meticulous review of Dr. Dorsett's treatment notes from his initial examination of plaintiff on October 25, 1993, through the critical date of December 31, 1994, Magistrate Judge Kellison agreed with plaintiff's arguments as to the alleged errors. (Tr. at 964-70.) Specifically, Magistrate Judge Kellison rejected defendant's suggestion that Dr. Dorsett's opinion was based largely on plaintiff's subjective complaints, found sufficient medical findings to support Dr. Dorsett's opinion that plaintiff could not perform any kind of regular work because of her pain and other problems, and determined that Dr. Dorsett's treatment notes did not show a clear pattern of improvement by December 31, 1994 and in fact consistently reflected either unchanged or worsening conditions. (Tr. at 970.) Magistrate Judge Kellison concluded that the ALJ improperly rejected Dr. Dorsett's opinion of plaintiff's capabilities up to December 31, 1994 on the erroneous ground that the doctor's opinion was inconsistent with the record and by relying on a non-examining physician's opinion unsupported by other evidence. (Id.)

Plaintiff had also argued that the ALJ erred by failing to base his hypothetical questions for the vocational expert on the limitations opined by Dr. Dorsett. Magistrate Judge Kellison found this argument directly linked with plaintiff's argument concerning the ALJ's reliance on the various medical opinions. For all the same reasons that the ALJ had erred in rejecting Dr. Dorsett's opinion, Magistrate Judge Kellison concluded that the ALJ had committed further error by failing to base his hypothetical question on the limitations assessed by Dr. Dorsett. (Id. at 975.)

Magistrate Judge Kellison remanded the matter only "because it is possible that, upon reconsideration of Dr. Dorsett's opinion in the context of the treatment records summarized

herein, the administrative result of this case may be different." (Tr. at 970.) Magistrate Judge Kellison remanded the case under sentence four of 42 U.S.C. § 405(g) "for further development of the record and further findings addressing the deficiencies noted above." (Id. at 976.) By order of the Appeals Council, the ALJ's final decision was vacated and the case was remanded to the ALJ "for further proceedings consistent with the order of the court." (Tr. at 979.)

The undersigned agrees with plaintiff that Magistrate Judge Kellison's order required the ALJ to give appropriate deference to the treating physician's opinion, in the context of any further development of the record. Plaintiff contends that the ALJ's decision on remand is inconsistent with the remand order and that the legal errors resulting from the inconsistency so infect the decision on remand that the ALJ's analysis cannot properly support a determination that plaintiff was not disabled as of December 31, 1994. Specifically, plaintiff argues that the ALJ improperly rejected Dr. Dorsett's opinion once again, this time on the grounds that the opinion (1) does not include a functional assessment, (2) appears to focus on plaintiff's symptoms in 2000 rather than in 1994, (3) relies on plaintiff's subjective complaints, and (4) is not supported by other medical evidence of record. Plaintiff argues also that the ALJ again improperly failed to base his hypothetical question on the limitations assessed by Dr. Dorsett.[2] The undersigned turns to those arguments in order to determine whether the ALJ failed to follow the specific directions in the district court's remand order.

## II. Improper Rejection of the Treating Physician's Opinions

The standards applicable to the treatment of medical opinions were previously set out in Magistrate Judge Kellison's order. (Tr. at 966-67.) The undersigned reiterates the general rule that more weight should be given to the opinion of a treating doctor than to the opinion of a doctor who did not treat the claimant. Lester, 81 F.3d at 830; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). A treating doctor's

---

[2] The alleged errors are addressed in plaintiff's second and third arguments in support of summary judgment in her favor in this case.

opinion that is not contradicted by the opinion of another doctor may be rejected only for clear and convincing reasons. Lester, 81 F.3d at 830. Even if a treating doctor's opinion is contradicted by the opinion of another doctor, the treating doctor's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Id.

On remand, the ALJ again rejected treating physician Dr. Dorsett's opinion on the grounds that (1) the opinion "did not provide a specific functional assessment of the claimant focused on the period in and around 1994," (2) the statements in the opinion "appear to focus on the claimant's impairments as of the date of the letter (March 2002), and fail to address any changes in the claimant's conditions over time," (3) the "opinion appears to place have [sic] reliance on the claimant's subjective complaints," and (4) "a review of Dr. Dorsett's treatment records through 1994 and into 1995 in comparison to the objective findings of the claimant's other treating and examining physicians does not support his 2002 retroactive opinion of total disability in 1994." (Tr. at 947.) The ALJ concludes that "[t]hese considerations reduce the reliability of Dr. Dorsett's opinion regarding the claimant's residual functional capacity as of and surrounding December 1994" and "whether the claimant is disabled is a legal opinion reserved for the Commissioner." (Id.) The ALJ's conclusion with respect to Dr. Dorsett's opinion is followed by a paragraph in which the ALJ cites, out of context, selected notes from Dr. Dorsett's treatment records. (Tr. at 947-48.) These notes, as characterized by the ALJ, minimize the severity of plaintiff's multiple impairments and suggest steady improvement.

The remainder of the ALJ's discussion of the medical record contains a few passing references to Dr. Dorsett's treatment notes but fails to support the ALJ's conclusion that "a review of Dr. Dorsett's treatment records through 1994 and into 1995 in comparison to the objective findings of the claimant's other treating and examining physicians does not support his 2002 retroactive opinion of total disability in 1994." (Tr. at 947.) The ALJ does not point to any doctor's opinion that contradicts Dr. Dorsett's opinion that plaintiff could not perform any kind of regular work because of her pain and other conditions by December 31, 1994. (Tr. at 948-49.)

The ALJ nonetheless concluded that "the claimant's representation of total disability in 1993 and 1994 is not fully credible." (Tr. at 949.) The ALJ then determined plaintiff's residual functional capacity by relying on the findings of Denver Nelson, M.D., a neurologist who evaluated plaintiff in January 1995 for the state department of industrial relations. (Tr. at 950, citing Ex. 7F [tr. at 178-95].) Dr. Nelson concluded that plaintiff could not return to her work as a sheriff's deputy because her work duties should not include repetitive bending, prolonged standing or sitting, lifting over 50 pounds, or frequent overhead lifting. (Id.) Although the ALJ stated that he gave Dr. Nelson's opinion "less weight in light of the overall record of evidence, which Dr. Nelson did not have the benefit of having reviewed," the ALJ relied on the opinion with respect to residual functional capacity because it provided "a specific assessment as to the claimant's functional abilities." (Id.)

On remand, the ALJ did not develop the record by obtaining additional medical records. Thus, all medical records cited by the ALJ in his decision on remand were included in the administrative record originally considered by Magistrate Judge Kellison. Because Magistrate Judge Kellison determined that Dr. Dorsett's opinion was not based on plaintiff's subjective complaints of disabling pain, was supported by sufficient medical findings, and was not inconsistent with the record, the court finds that the ALJ erred in rejecting Dr. Dorsett's opinion on remand on the grounds that the opinion appeared to rely on plaintiff's subjective complaints and was inconsistent with the evidence of record.

In the absence of any evidence that Dr. Dorsett's March 25, 2002 opinion was contradicted by the opinion of another treating or examining physician, the ALJ was required to provide clear and convincing reasons for rejecting Dr. Dorsett's opinion. The undersigned finds that neither of the ALJ's remaining reasons meets that standard. First, the ALJ's assertion that the opinion "did not provide a specific functional assessment of the claimant focused on the period in and around 1994" is unconvincing because it does not appear that such an assessment was necessary. Dr. Dorsett cited plaintiff's history of chronic neck pain, back pain, left knee

pain, and the presence of a lumbar pars defect. (Tr. at 814.) He noted that plaintiff had an anterior cervical fusion and discectomy at C5-6 on August 16, 1993, a persisting disc bulge to the right at the C6-7 region, arthroscopic surgery of her left knee, and underlying migraine headaches. He opined that plaintiff "has had these multiple complaints, with the pain involving the neck, back, right shoulder and left knee, as well as headaches since December of 1994" and "has been unable to work, secondary to these multitude of complaints." (Id.) He explained further that

> [t]he patient is on chronic opioid medications, to allow her to be able to function with her daily activities. The patient's migraine headaches are incapacitating to her when they occur and she has to stay down in a dark room. These are relatively unpredictable and may occur a couple times a year. The patient's multitude of pain complaints have prevented her from regular and gainful employment since December of 1994. She is unable to tolerate regular work, secondary to these complaints and would be unable to tolerate an 8-hour-day or even a 4-hour-day. Therefore the patient is totally disabled, with regards to her work-related injuries, as noted above. The patient's complaints of neck pain, back pain, headaches, left knee pain and right shoulder pain have been present since December of 1994.

(Id.) In light of Dr. Dorsett's opinion that plaintiff's multitude of pain complaints prevented her from tolerating even a four-hour work day, it was not necessary to provide a specific functional assessment of plaintiff's ability to lift, carry, reach, sit, stand, walk, crouch, crawl, climb stairs, balance, stoop, bend, and kneel as of December 1994.

Second, the ALJ's assertion that the statements in Dr. Dorsett's opinion "appear to focus on the claimant's impairments as of the date of the letter," i.e., March 2002, is entirely unconvincing because the doctor expressly states that plaintiff "has had these multiple complaints . . . since December of 1994," that the impairments have prevented her from gainful employment since December of 1994, and that her complaints of pain have been present since December of 1994. (Tr. at 814.) Moreover, a review of Dr. Dorsett's treatment records reveals that all of the impairments cited in the March 2002 opinion were also described in the doctor's treatment records for the period from October 1993 through December 1994. (Tr. at 545-76.)

11

The undersigned agrees with plaintiff that the ALJ's decision on remand improperly rejected the opinion of plaintiff's treating physician concerning the severity of plaintiff's impairments prior to December 31, 1994. The ALJ's reasons for rejecting that opinion are not clear and convincing, are not supported by substantial evidence in the record, and are inconsistent with Magistrate Judge Kellison's remand order.

**III. Reliance on Vocational Expert's Opinion Based on Incomplete Hypothetical**

Just as Magistrate Judge Kellison found with regard to plaintiff's previous argument concerning the hypothetical question posed by the ALJ to a vocational expert, the undersigned finds that plaintiff's argument concerning the hypothetical question posed by the ALJ to the vocational expert on remand is directly linked to plaintiff's argument concerning the ALJ's reliance on the various medical opinions. Because the court has found that the ALJ improperly rejected Dr. Dorsett's opinion, plaintiff's argument concerning the hypothetical question posed by the ALJ is also persuasive.

The ALJ's hypothetical was based primarily on the physical work restrictions that Dr. Nelson ascribed to the impairments caused by plaintiff's work injury. (See tr. at 178-95, 950, 1008-11.) Those restrictions did not take into consideration all of plaintiff's non-work related medical conditions or the debilitating pain described by Dr. Dorsett. Plaintiff's counsel posed a hypothetical question that included additional limitations with regard to fingering and handling, absences from work for more than one day per month, and the need to lie down once or twice during the day for up to an hour. (Tr. at 1011-14.) The vocational expert testified that (1) the additional fingering and handling limitations would eliminate two of the jobs she had identified in response to the ALJ's hypothetical question and would reduce the number of jobs available for the third job she identified, (2) missing two days of work a month would be a problem for most employers; and (3) needing to lie down for up to two hours out of an eight-hour day would not be acceptable to most employers. (Id.)

/////

The undersigned finds that the vocational expert's testimony in response to the flawed hypothetical question posed by the ALJ has no evidentiary value. See Embry v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). The ALJ's decision should have been based on the vocational expert's testimony in response to the hypothetical question that included all of plaintiff's limitations based on Dr. Dorsett's opinion. The undersigned agrees with plaintiff that on remand the ALJ improperly failed to base his hypothetical question on the limitations assessed by Dr. Dorsett and that the decision on remand is therefore once again inconsistent with Magistrate Judge Kellison's remand order.

**CONCLUSION**

The decision whether to remand a case for additional evidence or to simply award benefits is within the discretion of the court. Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). The Ninth Circuit has stated that, "[g]enerally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." Ghokassian, 41 F.3d at 1304 (citing Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)). This rule recognizes the importance of expediting disability claims. Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001); Ghokassian, 41 F.3d at 1304; Varney, 859 F.2d at 1401.

Here, it is plain that no useful purpose would be served by further administrative proceedings. Plaintiff filed her application for disability benefits more than nine years ago. Magistrate Judge Kellison's remand order provided an opportunity for further development of the record, but the ALJ found further development of the record unnecessary. The vocational expert's answer to the expanded hypothetical question posed by counsel affirmatively establishes that plaintiff was unable to perform a significant number of jobs in the national economy at the relevant time. Had the ALJ based his decision on the vocational expert's testimony in response to the more complete hypothetical question posed by counsel, the ALJ would have found plaintiff

disabled before her date last insured. Moreover, Magistrate Judge Kellison found that Dr. Dorsett's treatment notes from October 1993 to December 31, 1994, consistently reflected either unchanged or worsening conditions, supporting a conclusion that the onset date of plaintiff's disability was August 16, 1993, the date of her discectomy and anterior cervical fusion surgery.

For all of these reasons, this matter will be remanded with the direction to award benefits on the ground that plaintiff was under a disability as defined by the Social Security Act on or before December 31, 1994, plaintiff's last date insured. See Moore v. Comm'r of Soc. Sec. Admin, 278 F.3d 920, 925 (9th Cir. 2002) (remanding for payment of benefits where the ALJ improperly rejected the testimony of the plaintiff's examining physicians); Ghokassian, 41 F.3d at 1304 (awarding benefits where the ALJ "improperly discounted the opinion of the treating physician").

Accordingly, IT IS ORDERED that:

1. Plaintiff's December 3, 2007 motion for judgment on the pleadings (Doc. No. 16) is granted;

2. Defendant's February 12, 2008 amended cross-motion for summary judgment (Doc. No. 20) is denied;

3. The decision of the Commissioner of Social Security is reversed; and

4. This case is remanded with the direction to award disability benefits.

DATED: May 5, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/murphy1262.order